*557 The opinion of the Court was delivered by
Johnstone, Ch.
I think the construction which has been generally put upon the statute, has been that it was intended to prevent the consequences of lapse arising from the death of the legatee after the execution of the will.
The language of the statute, although very loose, seems to bear evidence of such an intention. It contemplates the case of a legacy given: — that is, a provision made for the child of such a character as would be valid if the will should come forthwith into operation. Such a legacy being given, the statute goes on to provide, that if the child (thus provided for) should die, then the legacy given to him shall go to his issue — unless, &c. This language seems to be intended to describe a case (not uncommon), where a legatee should happen to die, after the execution of a will in his favor, by which casualty his personal enjoyment of the intended bounty would be frustrated. I can hardly suppose the legislature contemplated the case of a man’s giving a legacy to a dead child — or that it intended to remedy the effect of such an absurdity.
It may be very well conceived that it intended to make good a legacy which had become void, without going the length of supposing it intended to give effect to one which was void ab initio.
There is room for another remark upon the statute. It provides that the legacy to the child shall be made good to the child’s issue, “ unless such deceased child was equally portioned with the other children, by the father or mother” (who made the will) “ when living.” Advancements are, by law, to be taken into consideration only in cases of intestacy. A testator may make what provision he pleases among his children, — though it result from gifts, previously made by him aliunde the will, that he has dealt unequally by them. The legatee in this case would have taken the whole of his legacies, mentioned in the will, had he been alive when the will was made, and had he survived his father. When the stat *558 ute gives his legacies to his children upon condition that he has not been fully advanced; does it not refer to advancements made after the will; and which may be considered as an equitable satisfaction of the legacies it contains ? And if so, does it not follow, that it contemplated the case of the legatee being in esse at the date of the will ?
It is ordered, that the decree, so far as it adjudges the legacies provided in the second and residuary clauses of the will for Malachi Pegues, to his children and issue, be set aside and reversed ; and it is decreed, that said issue and children are not entitled to the same or any part thereof.
Ordered, that the cause be remanded to the Circuit Court.
Wardlaw, J., concurred.